1

**BRIAN S. DETRICK (SBN: 140106)**
DetrickLawOffice@earthlink.net

2

DETRICK LAW OFFICE
302 W. Fifth Street, Suite 100

3

San Pedro, California 90731
Phone: (562) 435-9102| Fax: (310) 830-0671

4

5

Attorneys for Plaintiff,
MARK SORIANO

6

7

8

### UNITED STATES DISTRICT COURT

9

### CENTRAL DISTRICT OF CALIFORNIA

10

### WESTERN DIVISION

11

12

MARK SORIANO,                          ) Case No.:
                                       )
13                                     )
                        Plaintiff,     )
14                                     )
                                       )
15              vs.                    )
                                       )
16   THE UNITED STATES OF AMERICA,  ) **COMPLAINT FOR DAMAGES**
                                       )
17                                     )
                                       )
18                    Defendant.       )
                                       )
19   _____  )

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

**COMES NOW** the plaintiff, MARK SORIANO, who complains and alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over the claim asserted against the defendant UNITED STATES OF AMERICA on the grounds that the claim is assert pursuant to Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671, et seq., and this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1346 and 2675.

2.     This Court has supplemental jurisdiction over all other claims asserted in this action under 28 U.S.C. §1367(a) because they are so related to the claim asserted against the defendant UNITED STATES OF AMERICA that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in the United States District Court, Central District of California, Western Division, under 28 U.S.C. § 1402(b), as it is the judicial district where the plaintiff resides and also where the act or omission complained of occurred.

**THE PARTIES**

4.     Plaintiff, MARK SORIANO, currently is and, at all material times to this case, was a resident of Los Angeles County, California.

5.     Defendant UNITED STATES OF AMERICA has a cabinet level federal executive department, the U.S. Department of Homeland Security, that oversees U.S. Customs and Border Protection ("CBP"), one of its constituent agencies. Defendant UNITED STATES OF AMERICA is the appropriate real party in interest in this matter pursuant to 28 U.S.C. § 2679(d)(1) for personal injury arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

- 2 -
**COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

## (Negligence)

6.   On July 17, 2021, at Fenix Marine Services, 614 Terminal Way, Terminal Island, California 90731, an individual (believed to be Officer Kimberly Gold aka Kimberly Guo) working for CBP (hereinafter The "CBP Officer"), was operating a motor vehicle (believed to be No. L85390 with a U.S. Customs License Plate No. 280924) owned by the defendant UNITED STATES OF AMERICA, with the express consent and permission of the UNITED STATES OF AMERICA.

7.   At the time and place above mentioned The CBP Officer was regularly in service and employ of the U.S. Customs and Border Protection, Department of Homeland Security, for the defendant UNITED STATES OF AMERICA, and was acting within the scope of such employment.

8.   At the time of the collision, plaintiff was in a terminal vehicle (believed to be No. LXE 26) and was operating such vehicle in a reasonable and prudent manner with due care.

9.   At said time and place, The CBP Officer, negligently, operated said motor vehicle in such a manner that it collided with a vehicle driven by plaintiff. The Customs vehicle was driven negligently and carelessly and at an excessive speed and struck the vehicle which plaintiff was driving.  The CBP Officer was negligent and careless and in violation of the terminal speed limit and the terminal's traffic rules which provide that terminal equipment has the right of way at all times, as well as failing to stop as required.  The CBP Officer was also inattentive and driving too fast for the conditions then present. Further, The CBP Officer operated said motor vehicle in violation of laws and ordinances.

10.  As a result of such accident, plaintiff sustained serious personal injuries, some of which are believed permanent, was prevented from performing

COMPLAINT FOR DAMAGES

his occupation, suffered great pain of body and mind, and incurred expenses for medical treatment.

11.     As a result of such accident, plaintiff was hurt and injured in health, strength, and activities sustaining injury to plaintiff's body and shock and injury to plaintiff's nervous system and person, all of which have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering; plaintiff is informed and believes and therefore alleges that said injuries will result in some permanent disability, subject to proof.

12.     As a result of the accident, plaintiff incurred indebtedness for medical treatment, drugs, and sundries in the treatment of said injuries in an amount which plaintiff will become obligated in the further treatment of said injuries for an indefinite period of time in the future subject to proof.

13.     As a result of the accident, plaintiff has suffered loss of income and loss of earning capacity and will continue to suffer loss of income and loss of earning capacity in the future, in an amount which is not known at this time, subject to proof.

14.     As a result of such accident, plaintiff has suffered general and special damages in an amount and kind within the jurisdiction of this Court.

15.     On May 31, 2023, plaintiff filed a claim pursuant to the Federal Torts Claims Act ("FTCA") with U.S. Customs and Border Protection, Department of Homeland Security, UNITED STATES OF AMERICA.

16.     On  June 13, 2023, the U.S. Customs and Border Protection, Department of Homeland Security, UNITED STATES OF AMERICA, confirmed the receipt of plaintiff's FTCA claim.

17.     Six months have passed since plaintiff's claim was filed. Further, on February 8, 2024, CBP, on behalf of defendant UNITED STATES OF AMERICA denied plaintiff's FTCA claim by email. As of the filing of this complaint, plaintiff's FTCA claim has not been formally denied by CBP in writing and sent

**COMPLAINT FOR DAMAGES**

by certified or registered mail as required under 28 U.S.C.A. § 2675(a). Because six months have passed, plaintiff may deem that FTCA claim denied and proceed with this action.

18.     This suit has been duly commenced prior to six months having passed after a formal denial of plaintiff's FTCA claim under 28 U.S.C.A. § 2675(a).

## PRAYER

WHEREFORE, plaintiff prays for judgment against the defendant UNITED STATES OF AMERICA in the amount of $250,000.00 (two hundred fifty thousand dollars), as follows:

1.    For general damages in an amount within the jurisdiction of this Court according to proof;

2.    For special damages according to proof;

3.    For loss of income and future income according to proof;

4.    For medical damages according to proof;

       For pain and suffering according to proof, and,

5.    For such other and further relief as the Court deems just and proper.

Dated: April 2, 2024                    Respectfully,

                                        DETRICK LAW OFFICE

                                        /s/

                                        _____
                                        BRIAN S. DETRICK,
                                        Attorney for Plaintiff
                                        MARK SORIANO

COMPLAINT FOR DAMAGES